## Charles C. Houghton *vs.* Thatcher T. Payne.

By the law of the state of New York, when a debtor gives a new security for his usurious debt to the *bona fide* assignee of such debt, who took the original debt and takes the substituted security without any knowledge of the usury, such debtor can not afterwards set up the usury as a defence to a suit brought by such assignee upon the substituted paper.

THE facts of this case will be sufficiently understood from the opinion of the court.

*Hawley* and *Seeley*, for the plaintiff.

*Dutton* and *Loomis*, for the defendant.

HINMAN, J.   The transactions out of which the draft in suit originated, took place in New York, and the case therefore is to be governed by the law of New York.   The draft was given for other paper, which was claimed to be void for usury, and the question was, whether the substituted paper was also void.   The charge of the court that is complained of, was that by the law of New York such substituted paper was not void in the hands of the person who received it in good faith, in substitution of usurious paper, and without knowledge of the usury.   The meaning of the charge, as applied to the case, was, that where a debtor gives a new security for a usurious debt, to the *bona fide* assignee of such debt, who took the original, and the substituted security without any knowledge of the usury, such debtor can not afterwards set up usury as a defence to the substituted paper. And this seems to be not only the law of New York, but the law of England, from which the law of New York is derived. This point was expressly decided in *Cuthbert* v. *Haley*, 8 T. R., 390, and this case is cited by Bronson J. as the law of New York, in the case of *Dix* v. *Van Wyck*, 2 Hill, 522.   It has also been held that the *bona fide* purchaser, under a statute foreclosure of a mortgage which was void for usury, acquires a good title.   *Jackson* v. *Henry*, 10 Johns., 185.

It is unnecessary, in the absence of any New York or English cases to the contrary, to dwell further on this point. We do not advise a new trial.

In this opinion the other judges concurred.

New trial not advised.